

May 5, 2025

**VIA ECF**

Hon. Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street
New York, NY 10007

        Re:  *Larach Cohen et al., v. Avilés-Ramos et al.*, 25-cv-01195 (JMF)

Dear Judge Furman:

    As you may recall, the undersigned represents the Plaintiff in the above-referenced matter, brought under the Individuals with Disabilities Education Act (IDEA). I write pursuant to Your Honor's Individual Practice Rule No. 7(B) to request that the Certified Administrative Record in this action ("Record") be sealed. I have contemporaneously filed the Record in IHO Case No. 250887 under seal.

    The Record is necessary in this action as the parties' motions for summary judgment will rely on it and reference it throughout their memoranda of law. Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").

    One such competing interest weighing against disclosure is "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)); *see also Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) ("Certainly, the privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure of the Title III material should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted."). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *Matter of New York Times Co.*, 828 F.2d at 116). Courts frequently permit filings under seal in IDEA actions in order to protect the privacy interests of minor plaintiffs, including in maintaining the confidentiality of their medical and other sensitive information. *See, e.g., J.L. on behalf of J.P v. New York City Dep't of Educ.*, No. 17 Civ. 7150, 2024 WL 291218, at *3 (S.D.N.Y. Jan. 25, 2024).

    In this action, the Record contains confidential and personally identifiable details regarding M.C., a minor, including particularly sensitive information regarding his health and his education.

---

The disclosure of such information is shielded by 20 U.S.C. § 1415(a), which aims to "ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education [FAPE] by [state and local] agencies."

Children with disabilities and their parents have a right to the "confidentiality of any personal identifiable data, information, and records." as stated in 20 U.S.C. § 1415(h)(4), 1417(c). Protecting the disclosure of this highly sensitive information is a compelling interest that supports sealing the record. Sealing the record is also narrowly tailored to satisfy that interest.

Although redaction is theoretically an alternative, redaction would be overly burdensome as the Record is over 1,000 pages and is replete with confidential and sensitive information about M.C. The information that would need to be redacted includes M.C.'s private information, specifically details about his health status, his disabilities, and the health and educational services he requires in order to receive a FAPE under IDEA. 20 U.S.C. § 1440 *et. seq.* This information is essential for a full understanding and assessment of the merits of this action. For example, an evaluation of the merits of this action will require Your Honor to review the Individualized Education Plan ("IEP") that the Defendants created for the Plaintiff and M.C., to ascertain whether the IEP accounted for M.C.'s educational and health needs and provided M.C. with a FAPE. Redacting those health and educational needs from the IEP would make it unintelligible and useless for evaluating this action.

Because sealing the Record is the only way for the Court to both protect the compelling privacy interests of the Plaintiff and for the Record to be useful in determining the merits of this action, the Plaintiff should be permitted to file the Record under seal.

Thank you for your courtesy and consideration in this matter.

Respectfully submitted,

*Rory J. Bellantoni*

Rory J. Bellantoni (RB 2901)

Cc: All Counsel of Record via ECF.

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 17.

SO ORDERED.

May 5, 2025

2