UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                 :

LINDA LARACH COHEN, *individually and on behalf of* :
*M.C., a child with a disability*,                        :
                                 :

                      Plaintiff,      :                25-CV-1195 (JMF)
                                   :

        -v-                         :        MEMORANDUM OPINION
                                 :          AND ORDER

MELISSA AVILES-RAMOS et al.,        :

                      Defendants.    :

-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Linda Larach Cohen, individually and on behalf of her minor child M.C., brings this action against the New York City Department of Education and its Chancellor (together, the "DOE") pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. Cohen contends that the Impartial Hearing Officer ("IHO") and State Review Officer ("SRO") erred in refusing to decide on the merits whether she was entitled to full transportation funding for the 2023-24 school year on the ground that the school year had already ended and the dispute was therefore moot. Cohen moves, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment, asking the Court to reverse the SRO's decision, decide the merits in her favor, and award her reasonable attorneys' fees and costs as the prevailing party. The DOE cross-moves for summary judgment, seeking affirmance of the SRO's decision. For the reasons that follow, Cohen's motion for summary judgment is GRANTED in part and DENIED in part, and the DOE's cross-motion for summary judgment is DENIED. Further, Cohen's motion to seal the administrative record is GRANTED.

**BACKGROUND**

The Court assumes familiarity with the IDEA statutory scheme.  *See generally N.K. v. N.Y.C. Dep't of Educ.*, 961 F. Supp. 2d 577, 580-81 (S.D.N.Y. 2013) (explaining in detail the statutory scheme).  The following facts — which are undisputed, *see* ECF No. 23 at 1-11 — are drawn from the parties' motion papers and records of which the Court can and does take judicial notice.  *See, e.g.*, *Double Green Produce, Inc. v. Forum Supermarket Inc.*, 387 F. Supp. 3d 260, 268 n.4 (E.D.N.Y. 2019) ("Courts can take judicial notice of governmental records." (citing *Richardson v. N.Y.C. Bd. of Educ.*, 711 F. App'x 11, 14 (2d Cir. 2017) (summary order)).

M.C. is a disabled adolescent boy who requires accommodations.  *See* ECF No. 18-2 (Administrative Record) (hereinafter "R"), at R19.  He has attended the International Academy for the Brain ("iBrain") since the 2018-19 school year.  R146.  On March 14, 2023, a Committee on Special Education ("CSE") convened to develop M.C.'s Individualized Education Program ("IEP") for the 2023-24 school year and recommended that he be placed in a specialized DOE school.  R19.  Cohen disagreed with the CSE's recommendation and, on July 5, 2023, filed a Due Process Complaint ("DPC"), alleging that the DOE had denied M.C. a fair and public education ("FAPE") for the 2023-24 school year and requesting funding for M.C.'s tuition at iBrain and transportation costs pursuant to a contract she had signed with Sisters Travel and Transportation Services LLC ("Sisters Travel").  R144-45, 151.

On July 19, 2023, the IHO assigned to the case issued a Pendency Order — a form of interim relief — that required the DOE to fully fund M.C.'s tuition at iBrain and transportation costs until the resolution of the litigation.  *See* R76-88.  After several hearings, the IHO issued a decision on October 18, 2023, that largely favored Cohen except on the issue of funding for transportation services.  *See* R17-45.  On that front, the IHO capped the transportation costs the

DOE was required to fund at a "range of fair market rates" that were below the cost of the Sisters Travel contract.  R42.  Cohen appealed and, in a January 12, 2024 decision, the SRO reversed that aspect of the IHO's order and remanded for further factfinding.  *See* R161-73.  Seven months later, the IHO issued a decision noting that while, in his view, Cohen "ha[d] not met [her] burden[] . . . to prove the appropriateness of private transportation funding from the district," the issue of transportation funding was "rendered moot by the simple fact that the entire school year is now over" and Cohen had received the transportation funding she sought for the duration of the school year pursuant to the Pendency Order.  R66.  Cohen appealed again and, on October 10, 2024, the SRO affirmed the IHO's mootness determination.  *See* R15.

On February 10, 2025, Cohen filed her Complaint in this Court, alleging that the SRO's mootness determination was erroneous.  *See* ECF No. 1, ¶¶ 104-05.  In the meantime, Cohen has filed a DPC for the 2024-25 school year that seeks, among other things, the same level of funding for transportation expenses as she had sought in the DPC from which this case arose.  *See In re Student with a Disability*, No. 24-530, OFFICE OF STATE REV., https://perma.cc/ENT2-EEYB (Apr. 7, 2024) ("In addition, the parent requested . . . direct funding for the cost of the student's private transportation services.").  Now pending here is Cohen's motion for summary judgment, ECF No. 13; *see also* ECF No. 15 ("Pl.'s Mem."), and the DOE's cross-motion for the same, *see* ECF No. 22; *see also* ECF No. 24 ("Defs.' Mem.").  Also pending is Cohen's motion to seal the administrative record.  *See* ECF No. 17 ("Mot. to Seal").

## LEGAL STANDARDS

A party seeking review of an administrative decision under the IDEA usually does so by way of a motion for summary judgment.  *See Viola v. Arlington Cent. Sch. Dist.*, 414 F. Supp. 2d 366, 377 (S.D.N.Y. 2006); *see also M.W. ex rel. S.W. v. N.Y.C. Dep't of Educ.*, 725 F.3d 131,

3

138 (2d Cir. 2013) (noting that such motions form a "pragmatic procedural mechanism for reviewing administrative decisions" (internal quotation marks omitted)).  In such cases, the Court conducts an "'independent' judicial review." *Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir. 1998) (quoting *Bd. of Educ. v. Rowley*, 458 U.S. 176, 205 (1982)).  This entails (1) reviewing the record of the administrative proceedings; (2) hearing additional evidence at the request of a party; and (3) granting such relief as the Court deems appropriate based on the preponderance of the evidence.  *See* 20 U.S.C. § 1415(i)(2)(C).

## DISCUSSION

The principal question in this case is whether the SRO correctly determined that Cohen's request for private transportation funding for the 2023-24 school year was moot.  "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).  Cohen does not dispute that the transportation funding she sought through the DPC is no longer needed because she already received it pursuant to the Pendency Order.  Nevertheless, she contends that her case is not moot because the underlying issue of transportation funding is "capable of repetition, yet evading review." *Press-Enter. Co. v. Superior Ct.*, 478 U.S. 1, 6 (1986); *see* Pl.'s Mem. 12-16.  That exception to the mootness doctrine permits courts to decide a case where "(1) the challenged action was in duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *United States v. Quattrone*, 402 F.3d 304, 309 (2d Cir. 2005) (internal quotation marks omitted).

Here, there is no dispute that the first prong of the test is satisfied given that the parties' litigation over the transportation funding dragged on for months beyond the end of the school

year for which it was owed. *See, e.g.*, *Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 85 (2d Cir. 2005) (noting that "a number of circuits . . . conclude that IEP disputes likely satisfy the first [mootness] factor . . . because the administrative and judicial review . . . is ponderous and usually will not be complete until a year after the IEP has expired." (cleaned up)). Thus, the parties' dispute about mootness turns on the second prong of the test: whether there is a "reasonable expectation that the same complaining party will be subjected to the same action again." *Quattrone*, 402 F.3d at 309. A "reasonable expectation" means that "repetition must be more than theoretically possible." *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet*, 260 F.3d 114, 120 (2d Cir. 2001). Evidence that a plaintiff has already begun to pursue litigation on the same or a similar issue is strong support for a "reasonable expectation" of repetition. *See, e.g.*, *N.Y.C. Dep't of Educ. v. S.A. ex rel N.A.*, No. 12-CV-1108, 2012 WL 6028938, at *2 (S.D.N.Y. Dec. 4, 2012) (holding that an issue was capable of repetition when the "[p]arents [had] already initiated proceedings challenging the DOE's proposed IEP for [child] in the 2011-2012 school year."); *cf. Russman*, 260 F.3d at 121 (holding an issue incapable of repetition when "[n]othing in the record suggests that [Parents] will seek, intend to seek, or are even contemplating additional schooling for [child].").

Here, Cohen plainly satisfies the second prong of the test because, as noted, she has already filed a DPC for the 2024-25 school year that seeks the same level of funding for transportation expenses that she sought in the DPC that gave rise to this case.[1] In fact, the SRO

---

[1]    Cohen also contends that this issue is capable of repetition because the IHO's observation that she "ha[d] not met [her] burdens . . . to prove the appropriateness of private transportation funding from the district," R66, could establish the baseline for a future pendency order, preventing M.C. from getting future interim relief. *See* ECF No. 26 ("Pl.'s Opp'n"), at 13. But that is incorrect. As relevant here, once established, a pendency order can be altered only by "an agreement between the parents and the school district . . . [or] an un-appealed IHO or SRO decision on the merits." *R.S. v. N.Y.C. Dep't of Educ.*, No. 21-CV-10596 (LJL), 2023 WL

herself noted that the recurring need to relitigate the same issues each new school year is a major reason why "[c]ourts have taken a dim view of dismissing . . . reimbursement case[s] as moot" when relief was only obtained through a pendency order.  R15.  Indeed, the Second Circuit has observed that "[t]he question of the extent of . . . supplemental services entitlements presents 'a classic instance of a harm capable of repetition, yet evading review' because the issue, if not decided on the merits, 'will likely be repeated, perhaps as often as every school year, and will continue to evade review.'"  *L.K. v. N.Y.C. Dep't of Educ.*, 674 F. App'x 100, 102 (2d Cir. 2017) (summary order) (quoting *Bd. of Educ. of Pawling Cent. Sch. Dist. v. Schutz*, 290 F.3d 476, 478 n.1 (2d Cir. 2002)).  The Court finds this case presents just such a "classic instance."

In concluding otherwise, the SRO reasoned that the DOE's "failure to offer the student a FAPE for the 2023-24 school year" was not capable of repetition because "the FAPE determination ha[d] already been addressed" in the IHO decision and, thus, there was no basis for "parental concern" that the DOE would "continue to recommend the same program."  R15-16.  The DOE endorses that reasoning.  *See* Defs.' Mem. 8.  But in doing so, the SRO and DOE misstate the issue requiring resolution.  What Cohen sought — and still seeks — is a decision on whether the DOE is obliged to fully fund her son's transportation at the level specified in the Sisters Travel contract or only at some lower level based on a "range of fair market rates," as the IHO suggested in his October 18, 2023 decision.  It is true that Cohen received full funding under the terms of the Pendency Order, but the legal question was never resolved on the merits

---

2368987, at *2 (S.D.N.Y. Mar. 6, 2023); *see also* ECF No. 29 ("Defs.' Reply"), at 4-5.  Cohen appealed the IHO's decision, and the SRO affirmed based only on mootness, which is not a merits disposition.  Accordingly — and as the DOE concedes — the IHO's decision will not bear on future pendency orders.  *See* Defs.' Reply 4.

and it will no doubt be the subject of future litigation for as long as Cohen continues to request full transportation funding and the DOE continues to argue that it is not obliged to provide it.

The cases the SRO and the DOE rely on to defend the mootness determination are all distinguishable on that basis. In several of those cases, unlike here, the parties made concessions or took unilateral action that made it all but impossible for the plaintiff's injury to recur. *See F.O. v. N.Y.C. Dep't of Educ.*, 899 F. Supp. 2d 251, 255 (S.D.N.Y. 2012) (holding that the mootness exception did not apply to a challenge to a pendency order because the "DOE concedes that the paraprofessional would now be part of [child's] pendency provisions in any subsequent litigation."); *Ramos v. N.Y.C. Dep't of Educ.*, 447 F. Supp. 3d 153, 159 (S.D.N.Y. 2020) (observing that the "injury that the plaintiff complains of in this case could not possibly happen again" (internal quotation marks omitted)); *M.R. v. S. Orangetown Cent. Sch. Dist.*, No. 10-CV-1800 (CS), 2011 WL 6307563, at *9 (S.D.N.Y. Dec. 16, 2011) (determining that subsequent lawsuits were "merely speculative" because parents placed their child in another district for the upcoming school year). In others, the parent obtained the merits determination they were seeking. *E.g.*, *Grullon v. Banks*, No. 23-CV-5797 (JGLC), 2023 WL 6929542, at *3-4 (S.D.N.Y. Oct. 19, 2023). And yet others involved parental challenges to a child's IEP, not transportation funding. *See V.M. v. N. Colonie Cent. Sch. Dist.*, 954 F. Supp. 2d 102, 121 (N.D.N.Y. 2013); *M.S. ex rel. M.S. v. N.Y.C. Dep't of Educ.*, 734 F. Supp. 2d 271, 273 (E.D.N.Y. 2010). That matters because, unlike transportation funding requests, IEPs must be updated each year to account for the child's development, *see V.M.*, 954 F. Supp. 2d at 120-21, which tends to support the conclusion that future litigation over an IEP's contents is speculative. The DOE provides no reason to think that the transportation funding at issue here is subject to similar re-assessment.

Accordingly, the Court concludes that the issue of the appropriate level of transportation funding is "capable of repetition, yet evading review." *Press-Enter. Co.*, 478 U.S. at 6.[2]  It declines, however, to take up Cohen's invitation to decide the issue in the first instance, declare her the prevailing party, and award attorneys' fees.  *See* Pl.'s Mem. 20.  Instead, cognizant "that the judiciary generally lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy," *Grim v. Rhinebeck Cent. Sch. Dist.*, 346 F.3d 377, 381 (2d Cir. 2003), the Court remands the case to the SRO for proceedings consistent with this Opinion and Order.  And "[g]iven the Court's disposition herein that remand is necessary, any application for legal fees would be, at this stage, premature." *M.T. v. Arlington Cent. Sch. Dist.*, No. 22-CV-437 (PMH), 2022 WL 16857176, at *11 n.15 (S.D.N.Y. Nov. 10, 2022).

**CONCLUSION**

For the reasons stated above, the Court GRANTS Cohen's motion for summary judgment to the extent that it seeks vacatur of the SRO's opinion holding the dispute moot and otherwise DENIES her motion.  It also DENIES Defendants' cross-motion.  The case is remanded to the SRO for further proceedings consistent with this Opinion and Order.

One final housekeeping matter remains.  Cohen filed a motion to seal the administrative record on the grounds that it "contains confidential and personally identifiable details regarding M.C., a minor" including "sensitive information regarding his health and his education."  Mot. to Seal 1-2; *see* ECF No. 19 (granting the motion only temporarily).  Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is

---

[2]    The Court therefore need not and does not address Cohen's more sweeping argument that administrative tribunals are categorically forbidden from dismissing cases based on mootness. *See* Pl.'s Opp'n 9-20.

not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Although the administrative record is plainly a "judicial document" to which the presumption of public access attaches, the Court concludes that the weight of the presumption is low given "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). The details of the administrative proceedings below played little role in the Court's determination that the issue of transportation funding is not moot, while the relevant information about the proceedings — the actual decisions issued by the IHO and SRO — are publicly filed as attachments to Cohen's Complaint. *See* ECF Nos. 1-2, 1-3, 1-4, 1-5, 1-6. Further, the significant and statutorily recognized privacy interests of Cohen and M.C., *see* 20 U.S.C. §§ 1415(h)(4)(A), 1417(c), outweigh the presumption of access. Filing the entire administrative record under seal is narrowly tailored to protect those privacy interests because the record is voluminous and riddled with confidential information. For the same reasons, redacting the record would be unduly burdensome. Cohen's motion to seal the administrative record is therefore GRANTED.

The Clerk of Court is directed to terminate ECF Nos. 13 and 22, to enter judgment for Cohen consistent with this Opinion and Order, and to close the case.

SO ORDERED.

Dated: December 22, 2025
     New York, New York

_____
JESSE M. FURMAN
United States District Judge

9