**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
LINDA LARACH COHEN, individually and on
behalf of M.C., a child with a disability,

Plaintiff,

-against-                                                    25 **CIVIL** 1195 (JMF)

<u>**JUDGMENT**</u>

MELISSA AVILES-RAMOS et al.,

Defendants.
-----------------------------------------------------------------X

It is hereby **ORDERED, ADJUDGED AND DECREED:**  That for the reasons

stated in the Court's Memorandum Opinion and Order dated December 22, 2025, the Court has

GRANTED Cohen's motion for summary judgment to the extent that it seeks vacatur of the

SRO's opinion holding the dispute moot and otherwise has DENIED her motion. It also has

DENIED Defendants' cross-motion. The case is remanded to the SRO for further proceedings

consistent with the Opinion and Order. One final housekeeping matter remains. Cohen filed a

motion to seal the administrative record on the grounds that it "contains confidential and

personally identifiable details regarding M.C., a minor" including "sensitive information

regarding his health and his education." Mot. to Seal 1-2; *see* ECF No. 19 (granting the motion

only temporarily). Although "[t]he common law right of public access to judicial documents is

firmly rooted in our nation's history," this right is not absolute, and courts "must balance

competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of

Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *see also Nixon v. Warner Commc'ns., Inc.*, 435

U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the

trial court, a discretion to be exercised in light of the relevant facts and circumstances of the

particular case."). Although the administrative record is plainly a "judicial document" to which the presumption of public access attaches, the Court concludes that the weight of the presumption is low given "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). The details of the administrative proceedings below played little role in the Court's determination that the issue of transportation funding is not moot, while the relevant information about the proceedings — the actual decisions issued by the IHO and SRO — are publicly filed as attachments to Cohen's Complaint. *See* ECF Nos. 1-2, 1-3, 1-4, 1-5, 1-6. Further, the significant and statutorily recognized privacy interests of Cohen and M.C., *see* 20 U.S.C. §§ 1415(h)(4)(A), 1417(c), outweigh the presumption of access. Filing the entire administrative record under seal is narrowly tailored to protect those privacy interests because the record is voluminous and riddled with confidential information. For the same reasons, redacting the record would be unduly burdensome. Cohen's motion to seal the administrative record is therefore GRANTED. Judgment is entered for Cohen; accordingly, the case is closed.

**Dated:**  New York, New York

December 29, 2025

**TAMMI M. HELLWIG**

_____

**Clerk of Court**

**BY:**            K. mango

_____

**Deputy Clerk**